In re Larkin Crayton CATHEY, Jr. d/b/a Cathey Furniture Gallery, Bankrupt.

Gene HOWARD, Trustee, Plaintiff,

v.

UNITED STATES BEDDING COMPANY, INC., Defendant.

Bankruptcy B–79–877.

United States Bankruptcy Court, W. D. Louisiana.

Oct. 2, 1981.

Chatham H. Reed & Keith M. Welch, Simon, Fitzgerald, Cooke & Reed, Shreveport, La., for Gene Howard, Trustee.

U. S. Bedding was not represented by counsel.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LeROY SMALLENBERGER, Bankruptcy Judge.

This is a proceeding initiated by the trustee in bankruptcy to recover a preferential transfer made to the United States Bedding Company, Inc. A hearing was held on this action on September 29, 1981, at Shreveport, Louisiana.

At the hearing the parties made an oral stipulation of facts to the effect that the payment was made on account of an antecedent debt, within four months of the adjudication in bankruptcy, while the debtor was insolvent, and such payment enabled the codebtor to receive a greater percentage of its debts than other creditors of the same class. The only issue left for the Court to decide was whether or not United States Bedding Company had reasonable cause to believe that the debtor was insolvent under § 60(b) of the Bankruptcy Act.

The defendant, United States Bedding Co., Inc., was doing business in this state through various entities including The Englander Company which hired the United Mercantile Agency, Inc., to collect a debt owed by Mr. Cathy, the bankrupt. The agency in turn hired the law firm of Cook & Egan to prosecute the matter. The evidence submitted at the hearing consisted of the correspondence between the law firm and the collection agency. That correspondence between the agents of the defendant sufficiently shows that the defendant had a reasonable cause to believe that the debtor was insolvent at the time of the transfer. The check with which payment was originally attempted was presented twice and both times the check was returned for insufficient funds. Numerous promises to pay were made and never fulfilled. Moreover, it took nine months of notices, demands for payments and a law suit with impending judgment debtor rule to force the debtor to pay. In light of these facts and the similar situation in *Mizell v. Phillips*, (C.A. 5th 1957) 240 F.2d 738, this Court finds that such payment was a preferential transfer.

The payment of $1,050.51 in February of 1979 is a preferential transfer therefore the funds must be returned to the debtor.